UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| BRADLEY MYNATT, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos: | 3:06-cr-163 |
| | ) | | 3:08-cv-192 |
| UNITED STATES OF AMERICA, | ) | | (VARLAN/SHIRLEY) |
| | ) | | |
| Respondent. | ) | | |

**MEMORANDUM**

This is a *pro se* motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Bradley Mynatt ("petitioner"). The government has filed its response to the § 2255 motion and petitioner has filed his reply to the response. For the following reasons, the § 2255 motion will be **DENIED** and this action will be **DISMISSED**.

I.  Standard of Review

This Court must vacate and set aside petitioner's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, petitioner "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the Court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that petitioner is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

II.  Factual Background

Petitioner pleaded guilty to felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), pursuant to a Rule 11(c)(1)(C) agreement. [Criminal Action No. 3:06-cr-163, Doc. 19, Plea Agreement]. The parties agreed that, if petitioner was determined not to be an armed career criminal, "the Court may impose any lawful term of imprisonment up to 110 months." [*Id*. at 1-2, ¶ 2(a)]. Petitioner acknowledged that the maximum term of imprisonment to which he was subject, if he was determined not to be an armed career criminal, was ten years. [*Id*. at 1-2, ¶ 1(a)].

The Plea Agreement, which was signed by petitioner, set forth the facts underlying his guilty plea as follows:

> On April 6, 2006, Knox County Sheriff's Deputies responded to a trespassing call at 7705 Grove Lane, Knox County, Tennessee, the residence of Paul Mynatt, the defendant's father, and learned that the defendant had come to the residence when his father was not home and placed numerous firearms around the residence. The defendant's girlfriend, Mandy Brown, who was also present at the time, gave a written statement to the effect that the defendant had taken the firearms, in her presence, from a residence in Knoxville, Tennessee, where, the previous day, someone had tried to trade them to the defendant for

drugs. The next day, April 6, 2006, upon arriving at Paul Mynatt's house with the defendant, she saw the defendant removing some of the firearms from his car trunk and trying to hide them around the residence. Paul Mynatt told the deputies that none of the firearms belonged to him. The deputies arrested the defendant for criminal trespass. The deputies recovered the firearms both from the defendant's open car trunk and from a location near a shed on Paul Mynatt's property. The defendant is a convicted felon. The firearms and ammunition were manufactured outside Tennessee.

[*Id*. at 3, ¶ 4].

Petitioner acknowledged that he had read the indictment, had discussed with defense counsel the charge against him and possible defenses, and understood the crime with which he was charged. [*Id*. at 2, ¶ 3]. He affirmed that he was pleading guilty because he was in fact guilty. [*Id*.]. Petitioner also acknowledged the rights he was giving up by pleading guilty. [*Id*. at 3-4, ¶ 5]. He also agreed that he would not file a direct appeal and he waived the right to file a motion pursuant to 28 U.S.C. § 2255 for any reason other than claims of ineffective assistance of counsel or prosecutorial misconduct. [*Id*. at 6, ¶ 10 (a)-(b)]. With respect to his sentence, petitioner acknowledged the following:

> No promises have been made by any representative of the United States to the defendant as to what the sentence will be in this case. Any estimates or predictions made to the defendant by defense counsel or any other person regarding the potential sentence in this case are not binding on the Court. The defendant understands that the sentence in this case will be determined by the Court after it receives the pre-sentence report from the United States Probation Office and any information presented by the parties. The defendant acknowledges that the sentencing determination will be based upon the entire scope of the defendant's criminal conduct, the defendant's criminal history, and pursuant to other factors and guidelines as set forth in the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553.

[*Id*. at 5, ¶ 8].

3

Based upon a total offense level of 25 and a criminal history category of VI, petitioner's advisory sentencing guideline range was 110 to 137 months, subject to the statutory maximum cap of 120 months. [Presentence Investigation Report, p. 21, ¶ 73]. Pursuant to the Rule 11(c)(1)(C) plea agreement, petitioner was sentenced to a term of imprisonment of 110 months. [Doc. 24, Judgment; Doc. 31, Transcript of Sentencing Hearing, p. 19]. Petitioner did not file a direct appeal of his sentence. In support of his § 2255 motion, petitioner alleges numerous instances of ineffective assistance of counsel. He also alleges that he is entitled to relief under a recent amendment to the sentencing guidelines and that his guilty plea was not knowing and voluntary because of the ineffective assistance of counsel.

III.    Discussion

*A. Ineffective Assistance of Counsel*

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id.* at 687.

To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970),

4

petitioner must demonstrate that the attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular case. *Id*. at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

The two-part test of Strickland also applies to ineffective assistance of counsel claims in cases involving guilty pleas. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Sparks v. Sowders*, 852 F.2d 882 (6th Cir. 1988).

> We hold, therefore, that the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel. In the context of guilty pleas, the first half of the *Strickland v. Washington* test is nothing more than a restatement of the standard of attorney competence already set forth in *Tollett v. Henderson*, [411 U.S. 258 (1973)], and *McMann v. Richardson*, [397 U.S. 759 (1970)]. The second, or "prejudice," requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Hill*, 474 U.S. at 58-59 (footnote omitted).

The issue is whether counsel's performance "was so *manifestly* ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (*en banc*). Because he is seeking relief under § 2255, petitioner bears the

5

burden of proving by a preponderance of the evidence that his counsel was deficient. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

Petitioner alleges that, but for his attorney's incorrect legal advice, he would not have agreed to plead guilty, but rather would have exercised his right to a jury trial. He alleges six specific claims of ineffective assistance of counsel.

First, petitioner claims that counsel should have objected to the calculation of his criminal history and base offense level in the Presentence Report. Petitioner's criminal history category was determined to be VI, based upon 13 criminal history points. [Presentence Investigation Report, p. 12, ¶ 34]. Petitioner contends that three of his Knox County convictions should not have counted as separate convictions because they occurred on the same day and the sentences were imposed on the same day. Petitioner is referring to his convictions for the following: aggravated assault for an incident on March 28, 1998; sale of marijuana exceeding one/half gram on December 8, 1997; and sale of marijuana exceeding one/half gram on December 31, 1997. Although the offenses occurred on different dates, petitioner pleaded guilty to and was sentenced for the offenses all on April 2, 2001. [*Id.* at 9-11, ¶¶ 27, 29, and 30, respectively]. Petitioner relies on U.S.S.G. § 4A1.2 (as amended by Amendment 709) in support of this claim.

As a result of Amendment 709 (effective November 1, 2007), § 4A1.2 now provides that prior sentences should always be counted separately "if the sentences were imposed for offenses that were separated by an intervening arrest ...." U.S.S.G. § 4A1.2(a)(2). If there is no intervening arrest, prior sentences should be counted as a single sentence if the

6

sentences "resulted from offenses contained in the same charging instrument" or "were imposed on the same day." *Id*.

Amendment 709 was enacted after the sentencing in this case. Petitioner was sentenced under the 2005 version of the sentencing guidelines, which provided in pertinent part: "Prior sentences imposed in unrelated cases are to be counted separately." U.S.S.G. § 4A1.2(a)(2) (2005). Petitioner's three Knox County convictions were based on three different offenses committed on different dates. Any objection by counsel to the calculation of petitioner's criminal history would have been frivolous and thus counsel did not render ineffective assistance by failing to make such an objection. *See United States v. Hanley*, 906 F.2d 1116, 1121 (6th Cir. 1990) (failure of defense counsel to pursue frivolous motions and objections cannot constitute ineffective assistance of counsel).

Petitioner next alleges that counsel misinformed him about credit for acceptance of responsibility; he claims that he pleaded guilty in large part because he was told he would receive a three-level reduction in his base offense level. Petitioner argues he did not get full benefit of the three-level reduction because his guideline sentence range exceeded the statutory maximum sentence of ten years and thus the three-level reduction resulted in a sentence that was only ten months below the statutory maximum.

Petitioner does not deny that he received the three-level reduction as promised by counsel, but only that it did not reduce his sentence as much as he had hoped. As previously noted, petitioner acknowledged in the plea agreement that he was facing a sentence of up to

7

ten years, but the parties agreed he would receive not more than 110 months. Petitioner has failed to demonstrate ineffective assistance of counsel in this regard.

Third, petitioner alleges that counsel failed to object to the increase in his base offense level based upon two prior crimes of violence or controlled substance offenses. The Presentence Report determined petitioner's base offense level to be 24, pursuant to U.S.S.G. § 2K2.1(a)(2), as a result of his aforementioned Knox County conviction for aggravated assault and the two Knox County convictions for sale of marijuana exceeding one-half gram. [Presentence Investigation Report, pp. 5-6, ¶ 13].

Petitioner claims that the priors used by the presentence report should not have been counted separately. This claim is related to his claim that his criminal history was incorrectly calculated. Under the 2005 version of the sentencing guidelines, however, petitioner's prior convictions were properly counted separately. Accordingly, any objection by counsel would have been frivolous and thus the failure to make such an objection cannot constitute ineffective assistance of counsel.

For his fourth claim, petitioner alleges that counsel incorrectly informed him that he would receive credit for time he spent in State custody with a federal detainer lodged against him, but that the Federal Bureau of Prisons (BOP) refuses to give him credit for the time spent in State custody after the date of the federal indictment until he actually arrived in federal custody. In his reply to the government's response to the § 2255 motion, petitioner states that the BOP has now granted him that credit and he withdraws this claim. [Doc. 35, Reply, p. 5].

8

Petitioner next claims that counsel completely abandoned him during sentencing. According to petitioner, counsel did not file any objections to the Presentence Report, did not make any arguments for mitigation of sentence, did not move the Court for a downward departure, and completely failed to advocate for him at sentencing. As discussed previously, any objections to the Presentence Report would have lacked merit nor was there any basis for a downward departure. Petitioner's remaining claims are contradicted in the record. His attorney discussed at length petitioner's history of drug addiction and the need to support that addiction, his family situation and the support of his family, and the changes petitioner had made in his life and his acceptance of responsibility from the beginning; counsel asked the Court for the lowest sentence possible. [Doc. 31, Transcript of Sentencing Hearing, pp. 6-11]. Petitioner's claim in this regard lacks merit.

Finally, petitioner claims that counsel was ineffective for not filing a notice of appeal after being instructed to do so. In *Ludwig v. United States*, 162 F.3d 456 (6th Cir. 1998), the Sixth Circuit held that "failure to perfect a direct appeal, in derogation of a defendant's actual request, is a *per se* violation of the Sixth Amendment." *Id.* at 459. The Sixth Circuit emphasized, however, "that a defendant's actual 'request' is still a critical element in the Sixth Amendment Analysis. The Constitution does not require lawyers to advise their clients of the right to appeal." *Id. See also Regalado v. United States*, 334 F.3d 520, 524-526 (6th Cir. 2003) (failure to file an appeal is not ineffective assistance of counsel where attorney was not specifically instructed to do so).

9

As an exhibit to its response to the § 2255 motion, the government has filed the affidavit of Jonathan A. Moffatt, an Assistant Federal Community Defender and counsel of record for petitioner, who testifies as follows:

> Prior to entering into the plea agreement, I discussed with Mr. Mynatt the fact that there would be no good grounds to appeal if the Judge accepted the agreement between the parties. I discussed with Mr. Mynatt the fact that we would be waiving our right to file a direct appeal in the plea agreement.
>
> Following the sentencing hearing in the case, I do not recall specifically speaking with Mr. Mynatt after the hearing regarding the filing of an appeal. My standard practice is to discuss with a client before a sentencing hearing and immediately after a hearing whether an appeal is advised and whether they desire for an appeal to be filed.
>
> A review of my file reflects that a letter was sent to Mr. Mynatt with a copy of the Judgment in his case stating that "I do not recommend an appeal as we discussed in the past." I do state in the letter that he could call me regarding the matter if he desired, and Mr. Mynatt typically had the ability to reach me by phone. The copy of the letter in my file is signed in blue ink, however, I specifically recall sending a copy of that correspondence to Mr. Mynatt. A copy of the letter is attached to this affidavit. Mr. Mynatt never requested at any time that I file an appeal on his behalf.

[Doc. 32, United States' Response, Exhibit 1, Affidavit of Jonathan A. Moffatt with attached exhibit, pp. 1-2, ¶¶ 3-5].

In his reply, petitioner states that he specifically recalls telling counsel that he wanted to appeal his sentence. [Doc. 35, Reply, p. 6]. The Court finds Mr. Moffatt's testimony to be the more credible on the issue of whether petitioner instructed him to file an appeal. As noted, as part of the plea agreement, petitioner agreed not to file a direct appeal. Other than stating that he believes his sentence was too harsh, petitioner has not stated what the basis of an appeal would have been and the Court notes that he was sentenced in accordance with

10

the Rule 11(c)(1)(C) agreement. In addition, the Court itself advised petitioner of his right to appeal and that, upon his request, the Clerk of Court would prepare and file the notice of appeal for him. [Doc. 31, Transcript of Sentencing Hearing, p. 21]. Petitioner's claim that counsel was ineffective by failing to file a notice of appeal lacks merit.

Based upon the foregoing, petitioner has failed to demonstrate that he received ineffective assistance of counsel under either prong of the *Strickland* standard.

### B. Amendment 709

Petitioner alleges that he is entitled to relief under Amendment 709 to U.S.S.G. § 4A1.2, which altered the manner in which prior sentences are counted as either separate or single sentences. The Sixth Circuit, however, has held that "Amendment 709 does not apply retroactively." *United States v. Vassar*, 346 F. App'x 17, 28 (6th Cir. 2009) (citations omitted). Amendment 709 thus affords petitioner no relief.

### C. Involuntary Guilty Plea

Petitioner alleges that his guilty plea was not an informed decision based upon counsel's deficient legal advice, and relies on his allegations of ineffective assistance of counsel. The Court having concluded that petitioner has failed to demonstrate ineffective assistance of counsel, his claim of an involuntary guilty plea based upon counsel's advice lacks merit. In addition, the record reflects the voluntary nature of petitioner's guilty plea. As noted previously, petitioner in his plea agreement acknowledged the facts underlying his guilty plea and the crime he was charged with, the minimum and maximum penalties for the

11

offense, the rights he was giving up by pleading guilty, and that he was pleading guilty because he was in fact guilty.

When accepting a guilty plea, this Court always determines, in compliance with Rule 11 of the Federal Rules of Criminal Procedure, whether the defendant understands the nature of the charge against him, the minimum and maximum penalties he is facing, the rights he is giving up by pleading guilty, and the factors the Court will consider at sentencing.[1] At the time of the guilty plea the Court determined that the petitioner's plea was freely and voluntarily entered and that petitioner was competent to plead guilty. *See Solomon v. United States*, 467 F.3d 928, 935 (6th Cir. 2006) ("[A] district judge simply may rely on his or her recollections of the criminal proceedings in deciding a Section 2255 motion without testifying."); *Shah v. United States*, 878 F.2d 1156, 1159 (9th Cir. 1989) ("[J]udges may use their own notes and recollections of the plea hearing and sentencing process to supplement the record."); *see also Blackledge v. Allison*, 431 U.S. 63, 74 n.4 (1977) ("In some cases, the judge's recollection of the events at issue may enable him summarily to dismiss a § 2255 motion, even though he could not similarly dispose of a habeas corpus petition challenging a state conviction but presenting identical allegations."); *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996) (citing *Blackledge*) ("Moreover, when the trial judge also hears the collateral proceedings, as was the case here, that judge may rely on his recollections of the

---

[1] In its response, the government cites to the transcript of the change of plea hearing. The transcript of the change of plea hearing has not been filed with the Court, however, and is not a part of the record in this case.

12

trial in ruling on the collateral attack."). Accordingly, any allegation that petitioner's guilty plea was not knowing and voluntary is without merit.

IV.     Conclusion

Petitioner is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**.  This action will be **DISMISSED**.  In addition to the above, this Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous.  Therefore, this Court will **DENY** petitioner leave to proceed *in forma pauperis* on appeal.  *See* Rule 24 of the Federal Rules of Appellate Procedure.  Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**.  28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE